[Cite as *State v. Broderson*, 2016-Ohio-5839.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
## No. 103724

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DORIAN BRODERSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595318-B

**BEFORE:** McCormack, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 15, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
820 West Superior Avenue
Suite 800
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Ryan J. Bokoch
Assistant Prosecuting Attorney
1200 Ontario Street
9th Floor, Justice Center
Cleveland, OH 44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Dorian Broderson appeals from a judgment of the Cuyahoga County Court of Common Pleas that sentenced him to 29 years in prison for his role in a string of armed robberies that spanned several northeast Ohio communities during the spring of 2015.

{¶2} During the robbery spree, Broderson and six other defendants targeted businesses such as convenience stores, gas stations, and other retailers during business hours. The businesses robbed included Verizon Wireless, McDonald's, Game Stop, Auto Zone, Marco's Pizza, Dairy Mart, Convenient Food Mart, Shell Gas Station, Star Value, and United Dairy Farmers. Broderson was involved in 11 of the 18 robberies.

{¶3} The grand jury returned a 105-count indictment against Broderson and his codefendants, charging them with aggravated robberies, kidnappings, and other felonies. Subsequently, Broderson pleaded guilty to 69 counts, including 15 counts of aggravated robbery and 40 counts of kidnapping, all with a three-year firearm specification.

{¶4} The trial court merged some of the kidnapping counts into the aggravated robbery counts and sentenced Broderson to seven years each on two aggravated robberies and nine years on a third aggravated robbery. These three terms are consecutive to one another but concurrent with the terms on the remaining counts. The court also sentenced him to two, three-year prison terms on two of the firearm specifications, to be served consecutively to each other but concurrent with the three-year terms on the remaining gun specifications. Broderson was sentenced to a total of 29 years.

**{¶5}** On appeal, Broderson raises one assignment of error. It states: "The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB86."

**{¶6}** H.B. 86 revived a presumption of concurrent sentences; prison sentences are to be served concurrently and consecutive sentences can be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22; *State v. Trotter*, 8th Dist. Cuyahoga No. 100617, 2014-Ohio-3588, ¶ 18.

**{¶7}** R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)     The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)     At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)     The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶8}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing. Here, the trial court made the following findings:

> [M]ultiple prison terms are imposed upon this offender for convictions of multiple offenses. I am going to require, of course, that you serve prison terms consecutively because I am finding that consecutive service is necessary to protect the public from future crime and to punish this offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that this offender poses to the public. And also that defendant — the offender committed one or more of these offenses while on, of course, post-release control or parole for a first degree felony assault on a police officer. Additionally, at least two of these multiple offenses were committed as part of one or more courses of conduct, and that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct, and finally, that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to both protect the public from future crime by this offender and to punish this offender.

**{¶9}** The record thus reflects the trial court made the requisite findings in compliance of R.C. 2929.14(C)(4), and, although the court only needed to make one of the factors set forth in R.C. 2929.14(C)(4)(a)-(c), it found all three factors to be present. In addition, as required, the court incorporated these findings in its sentencing entry. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

**{¶10}** Although H.B. 86 revived the requirement that statutory findings by the trial court are necessary before imposing consecutive sentences, it removed the requirement that the trial court justify its findings by giving reasons for making those findings. *State v. Parker*, 8th Dist. Cuyahoga No. 98272, 2013-Ohio-2898, ¶ 30. Although not required

to state its reasons underlying the findings, the trial court here observed that Broderson committed 11 separate aggravated robberies over the course of a month; he and his codefendants targeted commercial businesses during regular business hours; and Broderson in particular brandished a firearm and terrorized 40 victims, several of them children, who were in the stores with their parents.

{¶11} On an appeal such as the instant case involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court to review the record, including the findings underlying the sentence and to modify or vacate the sentence if it clearly and convincingly finds that the record does not support the trial court's findings under R.C. 2929.14(C)(4). *State v. Rodrigues*, 8th Dist. Cuyahoga No. 102507, 2015-Ohio-2281, ¶ 8, citing *Bonnell* at ¶ 28. The record before us clearly supports the trial court's findings.

{¶12} Appellant's sole assignment of error lacks merit. The trial court's judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR