[Cite as *State v. Ferrell*, 2016-Ohio-7715.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104047**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN FERRELL

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574239-A

**BEFORE:** Keough, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 10, 2016

**ATTORNEY FOR APPELLANT**

Brian A. Smith
755 White Pond Drive, Suite 403
Akron, Ohio 44320


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} In *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377 ("*Ferrell I*"), this court affirmed defendant-appellant John Ferrell's convictions involving sexual contact and conduct with two minor females, but reversed his 75.5-year prison sentence and remanded the case to the trial court. Specifically, this court concluded that the trial court failed to make the necessary findings to support the imposition of consecutive sentences. *Id*. at ¶ 43 and 46.

{¶2} On remand, the trial court again determined that the facts and circumstances of the case warranted the imposition of consecutive sentences. Accordingly, the trial court reaffirmed its original 75.5 year prison sentence and made the purported consecutive sentence findings on the record.

{¶3} Ferrell now appeals this sentence, contending that the trial court again failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences. While the state concedes that the trial court failed to comply with R.C. 2929.14(C)(4), it contends that the record could support the imposition of consecutive sentences; thus, urging this court to overrule Ferrell's second assignment of error challenging the record. A review of the trial court's statements during resentencing demonstrates that the trial court once again failed to make the necessary findings prior to imposing consecutive sentences.

**{¶4}** R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶5}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶6}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio

St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶7} After reviewing the sentencing transcript, we find that the trial court did not make the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences. In making the first finding, the court stated "consecutive sentences are necessary to protect the public from future crime and punish the offender." (Tr. 928.) In making the second finding, the court stated, "consecutive sentences are not disproportionate to the seriousness of the offender's conduct. And the Court does find they are necessary to protect the public. The Court finds that consecutive sentences are not disproportionate to the danger the offender possesses to the public." (Tr. at *id*.)

{¶8} However, the trial court again failed to make the third finding supporting the imposition of consecutive sentences. In attempting to make the finding, the trial court stated "[A]nd the Court does find there were two victims in this case. * * * the Court does support its imposition of consecutive sentences in light of the fact that there were two victims in this case, and they were of a young age. One being his daughter." (Tr. at *id*.) However, these statements alone are insufficient for this court to conclude that the

third finding — "one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c)" — was made.

{¶9} Accordingly, we again vacate Ferrell's consecutive sentences and remand the case for resentencing for the trial court to again consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry in accordance with *Bonnell*. Ferrell's first assignment of error, as conceded by the state, is sustained.

{¶10} Based on our decision vacating Ferrell's consecutive sentences and remanding for resentencing on this issue, Ferrell's second assignment of error challenging the consecutive sentence findings the trial court did make is hereby rendered moot. As we previously stated in *Ferrell I*, "the possibility exists for the trial court to make another finding to support the imposition of consecutive sentences, * * * [b]ut the trial court is free to impose concurrent sentences if it does not find that consecutive sentences are appropriate." *Id.* at ¶ 46.

{¶11} The sentence is vacated, and the case is remanded for resentencing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR