[Cite as *State v. Hart*, 2017-Ohio-290.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104387**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOUGLAS E. HART, JR.

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598168-A

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 26, 2017

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Noelle A. Powell
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:    Eben McNair
          Zachary M. Humphrey
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Douglas E. Hart, Jr., appeals the trial court's imposition of consecutive sentences. Upon review, we affirm.

{¶2} Following his indictment, appellant pled guilty to Count 1, as amended, for abduction with a one-year gun specification; and Count 2 for having weapons under disability with a forfeiture specification. Both offenses are felonies of the third degree. The charges stemmed from an incident in which appellant threatened to kill the victim and everyone in the house, which included her two children, and continued to make threats to kill everyone and brandish a firearm throughout the course of the next day. Eventually, the victim was able to call 911, appellant was arrested, and a loaded weapon was recovered.

{¶3} At sentencing, the trial court heard from the state, the victim, defense counsel, and the defendant. The trial court considered the violent nature of the offenses involved. The court also considered appellant's criminal history, which included two very similar acts against the same victim in July and December 1995, and that appellant had not responded favorably to sanctions previously imposed. The trial court noted appellant's lack of remorse.

{¶4} The trial court sentenced appellant to a prison term of 36 months on Count 1 plus a mandatory one year for the firearm specification, and 36 months on Count 2 to be served consecutively, for a total prison term of seven years. In determining to impose consecutive sentences, the trial court stated as follows:

[T]he court does find in a situation like this and given the facts in this case and given the defendant's criminal history that consecutive sentences are necessary to protect and punish, would not be disproportionate. The court finds that the facts in this case are very unusual, very violent, very threatening and finds that a single term does not adequately reflect the seriousness of the conduct and, also, that the criminal history of this defendant shows that consecutive terms are needed to protect the public.

{¶5} Defense counsel objected to the imposition of consecutive sentences. Counsel argued that appellant had not been in any significant trouble for almost 12 years.

{¶6} Appellant has appealed the sentence. His sole assignment of error challenges the trial court's imposition of consecutive sentences. Specifically, he claims that the record does not support the trial court's finding that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. We find no merit to his argument.

{¶7} We may overturn the imposition of consecutive sentences if we clearly and convincingly find either that the record does not support the trial court's findings or that the sentence is otherwise contrary to law. R.C. 2953.08(G). There is a statutory presumption in favor of concurrent sentences, but the trial court may overcome this presumption by making the required statutory findings pursuant to R.C. 2929.14(C)(4). *See* R.C. 2929.41(A). A trial court is not required to state its reasons to support its findings, nor is it required to give a "talismanic incantation of the words of the statute,

provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Further, the reviewing court must be able to discern that the trial court engaged in the correct analysis and to determine that the record contains evidence to support the findings. *Id.* at ¶ 29.

{¶8} In this case, the trial court made the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences at the sentencing hearing and incorporated those findings into the sentencing entry. The trial court made the findings after reviewing the mitigation of penalty report and the presentence investigation report, and after considering the violent nature of the offenses and appellant's criminal history. The trial court specifically discussed prior offenses that were "extremely similar to this with the same victim," which gave the judge "great cause for concern in this matter."

{¶9} Upon our review, we find that the trial court engaged in the correct analysis, that the findings were supported by the record, and that the sentences were not clearly and convincingly contrary to law. Appellant's sole assignment of error is overruled.

{¶10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR