[Cite as *State v. Nance*, 2017-Ohio-744.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104467**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEVIN M. NANCE

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-593039-A and CR-15-599367-A

**BEFORE:** Celebrezze, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** March 2, 2017

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    Paul Kuzmins
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Glen Ramdhan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Kevin Nance ("appellant"), brings this appeal challenging the trial court's imposition of consecutive sentences. Specifically, appellant argues that the trial court imposed consecutive sentences without making the required findings under R.C. 2929.14(C)(4). After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} In Cuyahoga C.P. No. CR-15-593039-A, appellant pled guilty to receiving stolen property, a fourth-degree felony in violation of R.C. 2913.51(A). On August 21, 2015, the trial court sentenced appellant to six months in jail. The trial court indicated that 90 days may be suspended at a later time. During the sentencing hearing, the trial court acknowledged that appellant violated the terms of the intervention in lieu of conviction program, which he had been placed into in two additional cases, by committing the receiving stolen property offense.[1]

{¶3} Less than one month later, appellant was arrested and charged in another case, Cuyahoga C.P. No. CR-15-599367-A. On February 9, 2016, appellant pled guilty to drug trafficking, a third-degree felony in violation of R.C. 2925.03(A)(2), with a one-year firearm specification and forfeiture specifications; possession of criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A), with forfeiture specifications; and

having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(2), with forfeiture specifications.

{¶4} On April 12, 2016, the trial court held a sentencing hearing during which it heard from the state, appellant's counsel, appellant's father, and appellant. The trial court sentenced appellant to an aggregate three-year prison term: one year on the firearm specification to be served prior to and consecutively with two years on the underlying drug trafficking count; one year on the possession of criminal tools count; and 18 months on the having weapons while under disability count. The trial court ordered the possession of criminal tools and having weapons while under disability counts to run concurrently to the trafficking count.

{¶5} In addition to sentencing appellant in CR-15-599367-A, the trial court addressed appellant's violations in CR-15-593039-A, CR-14-586120-A, and CR-13-577702-A. The trial court found appellant to be in violation of his probation in CR-15-593039-A. As a result, the trial court sentenced appellant to a prison term of 18 months on the receiving stolen property count. The trial court ordered appellant's 18-month sentence to run consecutively to his three-year sentence in CR-15-599367-A, for a total prison term of four and one-half years. The trial court terminated appellant's community control sanctions in CR-13-577702-A and CR-14-586120-A without further action.

---

[1] In Cuyahoga C.P. No. CR-13-577702-A, appellant was charged with drug possession, drug trafficking, and possessing criminal tools; in Cuyahoga C.P. No. CR-14-586120-A, appellant was

**{¶6}** Appellant filed the instant appeal challenging the trial court's sentences. He assigns one error for review:

> I. Appellant's sentence is contrary to law because the trial court imposed a consecutive sentence without making the necessary findings.

## II. Law and Analysis

### A. Consecutive Sentences

**{¶7}** In his sole assignment of error, appellant argues that the trial court failed to make the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing consecutive sentences.

**{¶8}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶9}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

---

charged with drug possession.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(_) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

**{¶11}** In the instant matter, appellant argues that the trial court only made two of the three requisite findings. He contends that the trial court failed to find that

consecutive sentences are necessary to protect the public from future crime or to punish the offender. We disagree.

{¶12} The record reflects that the trial court made the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences. In making the first finding, the trial court stated, "in this case, consecutive sentences are necessary to protect the public from future crime, or to punish the offender[.]" (Tr. 91.) In making the second finding, the trial court stated that "the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger imposed by [appellant] to the public." (Tr. 91.)

{¶13} Regarding the third finding, the trial court found that R.C. 2929.14(C)(4)(a) and (c) applied. The trial court acknowledged that appellant committed the drug trafficking, possession of criminal tools, and having weapons while under disability offenses while he was on probation in CR-15-593039-A. Furthermore, the trial court found that consecutive sentences were necessary based on appellant's criminal history. The trial court emphasized that this was appellant's fourth felony case in less than three years and that appellant had progressed from fifth-degree felonies to third-degree felonies:

> you've worked your way up. You've started with low level felonies, and then you have a felony 4 involving a motor vehicle, and now, whatever you think about the trafficking count, whether it was your drugs or somebody else's drugs, the weapon is yours. So you stepped it up a big notch when you got the weapon.

(Tr. 83.) Finally, the trial court stressed that appellant failed to take advantage of the opportunities he was given to participate in, and successfully complete, intervention in lieu of conviction and probation.

{¶14} Appellant further suggests that rather than making the requisite findings, the trial court merely read them into the record. Appellant takes issue with the trial court's finding that "consecutive sentences are necessary to protect the public from future crime, *or* to punish the offender[,]" without specifying which scenario was applicable. (Emphasis added.) Appellant's brief at 6. Appellant's argument is misplaced.

{¶15} As noted above, although a trial court is required to make the requisite R.C. 2929.14(C)(4) findings before imposing consecutive sentences, a trial court is not required to state its reasons to support its findings. *See State v. Ferrell*, 8th Dist. Cuyahoga No. 104047, 2016-Ohio-7715, ¶ 6; *State v. Broderson*, 8th Dist. Cuyahoga No. 103724, 2016-Ohio-5839, ¶ 10 (H.B. 86 removed the requirement that a trial court justify its consecutive sentence findings by giving reasons for making those findings). Furthermore, a trial court is not required to give a "talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶16} Based on the foregoing analysis, we conclude that the trial court made the appropriate consecutive sentence findings, and the record clearly reflects that the trial court engaged in the correct analysis required under R.C. 2929.14(C)(4). *See State v.*

*Hart*, 8th Dist. Cuyahoga No. 104387, 2017-Ohio-290, ¶ 7. We cannot "clearly and convincingly" find that the record does not support the trial court's findings. Furthermore, the trial court properly incorporated its findings into the sentencing journal entry as required. *Bonnell* at syllabus.

**{¶17}** Accordingly, appellant's sole assignment of error is overruled.

### B. Length of Sentence

**{¶18}** Although appellant's brief focuses on the trial court's imposition of consecutive sentences, he also contends that the trial court "failed to make the findings necessary to impose a sentence above the minimum." Appellant's brief at 1. Appellant's argument is misplaced.

**{¶19}** R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 16. Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, the court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

{¶20} In *State v. Sergent*, Slip Opinion No. 2016-Ohio-2696, the Ohio Supreme Court held that "'[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentence.'" *Id.* at ¶ 34, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.

{¶21} In the instant matter, the trial court's sentences for appellant's felonies of the third, fourth, and fifth degree are within the permissible statutory ranges under R.C. 2929.14(A). The trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purposes of R.C. 2929.11." Aside from the trial court's notation in its sentencing entry that it "considered all required factors of the law" including, specifically, R.C. 2929.11, the record reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.

{¶22} The trial court considered the information in appellant's presentence investigation report. Furthermore, as noted above, the trial court considered appellant's progression from "low level" felonies to felonies of the third degree, the fact that appellant had not been amenable to intervention in lieu of conviction or probation, the seriousness of appellant's offenses, and the factors that made appellant's offenses more serious rather than less serious:

you've moved up in the risk factors a significant amount this short period of time, as I look at it. The felony levels have gone up and your conduct has gotten worse.

＊ ＊ ＊

anyone who violates probation at least once and maybe three cases, depending on the [intervention in lieu of conviction] cases, but three opportunities, and [in CR-15-593039-A] you are definitely on probation. You're not getting the message. And those are the reasons to make these crimes more serious rather than less serious.

(Tr. 84-85.)

**{¶23}** For all of the foregoing reasons, appellant's sentence is not contrary to law, and the trial court did not err in imposing a sentence above the minimum.

### III. Conclusion

**{¶24}** After thoroughly reviewing the record, we find that the trial court did not err by imposing consecutive sentences and appellant's sentence is not contrary to law.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR