[Cite as *State v. Clay*, 2023-Ohio-525.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111492 |
| v. | : | |
| TAVIN CLAY, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** February 23, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-664730-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael Martinez, Assistant Prosecuting Attorney, *for appellee.*

Bartell, Georgalas & Juarez, L.P.A., and Jonathan A. Bartell, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Tavin Clay ("appellant") appeals his sentence from the Cuyahoga County Court of Common Pleas, arguing that the trial court erred in (1) imposing consecutive sentences; and (2) imposing postrelease control for a period

greater than statutorily permitted for a fourth-degree felony. After a thorough review of the applicable law and facts, we vacate appellant's sentence and remand for resentencing.

## I. Factual and Procedural History

{¶ 2} This case arose following an incident where appellant was speeding while driving in front of a school. Officers were patrolling the area and witnessed appellant crash his vehicle. Guns and drugs were found on appellant's person.

{¶ 3} Appellant was indicted on six counts as follows: (1) drug trafficking, a third-degree felony in violation of R.C. 2925.03(A)(2); (2) drug possession, a third-degree felony in violation of RC. 2925.11(A), along with accompanying forfeiture specifications; (3) fleeing and eluding a police officer and creating a substantial risk of serious physical harm to person or property, a third-degree felony in violation of R.C. 2921.331(B) and (C)(5); (4) tampering with evidence, a third-degree felony in violation of R.C. 2921.12(A)(1); (5) improper handling of a firearm in a motor vehicle, a fourth-degree felony in violation of R.C. 2921.16(B); and (6) possession of criminal tools, a fifth-degree felony in violation of R.C. 2923.24(A).

{¶ 4} Appellant and the state entered into a plea agreement where appellant pled guilty to amended Counts 2, 3, and 5, to wit: attempted drug possession, a fourth-degree felony in violation of R.C. 2923.02 and 2925.11(A), along with accompanying forfeiture specifications; attempted fleeing and eluding, a fourth-degree felony in violation of R.C. 2923.02 and 2921.331(B); and attempted handling

of a firearm in a motor vehicle, a fifth-degree felony in violation of R.C. 2923.02 and 2923.24(A). The remaining counts were dismissed.

{¶ 5} Appellant was sentenced to a prison term of 18 months on Count 2, consecutive to 18 months on Count 3, and concurrent with 12 months on Count 5, for a total of 36 months. At the time of his sentencing, appellant was serving an 11-month prison term in Cuyahoga C.P. No. CR-21-659135-A as a sanction for violating his community control with the conduct in the instant case. His sentence in the instant case was ordered to run concurrently with the community-control violation sentence in CR-21-659135.

{¶ 6} Counsel for the state asked the court to outline "the purposes and principles to justify consecutive sentences on the record." The court stated as follows:

> Okay. Well, number one, when you sentence somebody to failure to comply, it's automatically considered consecutive to any other charge. However, the Court finds that the three years, 18 and 18, is not disproportionate to the seriousness of the offender's conduct especially since it's concurrent to a previous case. He was on probation when he committed this case and at least two of these offenses were committed as part of one or more courses of conduct. In addition to the law, those were the factors that the Court looked at in order to give a consecutive.
> * * *

{¶ 7} The trial court imposed postrelease control for "a minimum of 12 months to a maximum of two years at the discretion of the Parole Authority."

{¶ 8} Appellant filed the instant appeal, raising two assignments of error for our review:

1. The trial court erred in imposing consecutive sentences under the mistaken belief that consecutive sentences were required and while making findings in support of consecutive sentences that were insufficient under R.C. 2929.14.

2. The trial court incorrectly imposed post-release control for a period greater than that provided under R.C. 2967.28(C) for a fourth-degree felony.

## II. Law and Analysis

{¶ 9} In his first assignment of error, appellant argues that the consecutive sentences imposed on Counts 2 and 3 were improper and must be vacated.

{¶ 10} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, an appellate court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 11} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). The reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 13} Appellant argues that the trial court did not make the finding that consecutive sentences were necessary for the protection of the public or punishment

of appellant or that consecutive sentences were not disproportionate to the danger posed by appellant.

{¶ 14} The state submits that the court's belief that consecutive sentences were mandated because of the failure-to-comply charge was erroneous. However, the state maintains that the court still made the necessary findings to justify consecutive sentences. In particular, the state notes that the court stated that "[t]he failure to comply is a very dangerous part of this case."

{¶ 15} Preliminarily, we note that because appellant pled guilty to *attempted* failure to comply, consecutive sentences were not mandated. In *State v. Garner,* 8th Dist. Cuyahoga Nos. 97948 and 97949, 2012-Ohio-3262, this court held that a trial court erred in determining that it was mandated to impose a consecutive prison term pursuant to R.C. 2921.331(D) for a charge of attempted failure to comply. Thus, for consecutive sentences to be imposed, the trial court was required to make the necessary findings under R.C. 2929.14(C)(4).

{¶ 16} Following a careful review of the transcript of the sentencing hearing, we find that the trial court failed to make all of the requisite findings for the imposition of consecutive sentences at the sentencing hearing. To make the necessary statutory findings, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *Edmonson*, 86 Ohio St.3d at 326, 715 N.E.2d 131. Although the trial court is not required to make a "talismanic incantation of the words of the statute," *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-

3177, 16 N.E.3d 659, at ¶ 37, it must be clear from the record that the trial court actually made the findings required by statute. *State v. Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, ¶ 43; *State v. Lariche*, 8th Dist. Cuyahoga No. 106106, 2018-Ohio-3581, ¶ 24. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. When considering whether the trial court has made the requisite findings, we must view the trial court's statements on the record "in their entirety." *See, e.g.*, *State v. Wells*, 8th Dist. Cuyahoga No. 109787, 2021-Ohio-2585, ¶ 74; *State v. Aquilar*, 8th Dist. Cuyahoga No. 109283, 2021-Ohio-841, ¶ 22; *State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 21, 23 (8th Dist.).

{¶ 17} Following a careful review of the record, we do not discern from the entirety of the trial court's statements at the sentencing hearing that the trial court — either expressly or "using different language" — made the findings that consecutive sentences were necessary for protection of the public or punishment of appellant or that consecutive sentences were not disproportionate to the danger posed by him. *Id*. at ¶ 51. It is not clear from the transcript of the sentencing hearing that the trial court considered the danger appellant posed to the public, compared that factor to the sentence imposed on appellant and determined that that comparison supported the imposition of consecutive sentences. *Id*. at ¶ 48.

{¶ 18} Because, based on the record before us, the trial court did not make the full proportionality finding required by R.C. 2929.14(C)(4) at the sentencing

hearing, appellant's consecutive sentences are contrary to law. *Bonnell* at ¶ 36-37; *see also Tolbert* at ¶ 49-50 (trial court did not make proportionality finding under R.C. 2929.14(C)(4) where trial court did not expressly state at the sentencing hearing that consecutive sentences were "'not disproportionate' to either the offense of the [a]ppellant or to the likelihood of the [a]ppellant of reoffending" and none of the trial court's other statements could "be taken as any sort of comparison between the consecutive sentence and the offense or the likelihood that [a]ppellant would reoffend"); *State v. Lewis*, 8th Dist. Cuyahoga No. 107875, 2019-Ohio-3660, ¶ 49-54 (where "the only proportionality finding the trial court made was that a consecutive sentence was 'not disproportionate to the crime that occurred,'" imposition of consecutive sentences did not comply with R.C. 2929.14(C)(4)); *State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 11, 19-21 (consecutive sentences vacated where trial court stated that consecutive sentences were "not disproportionate to what you did in this case" but did not make "the complete proportionality finding required by R.C. 2929.14(C)(4)"); *State v. F.F.*, 8th Dist. Cuyahoga No. 107013, 2019-Ohio-455, ¶ 13-14 (where trial court "made only a passing reference that the sentence is not disproportionate" and did not find that consecutive sentences are not disproportionate to the seriousness of offender's conduct and to the danger he poses to the public, imposition of consecutive sentences was contrary to law).

{¶ 19} We agree with appellant that the court did not fully make the requisite findings under R.C. 2929.14(C). While the state argues that the trial court's

statement that the failure to comply charge was a "very dangerous part of this case[,]" this does not rise to the level of making a finding that consecutive sentences were not disproportionate to the danger posed by appellant. In addition, the record does not reflect any consideration by the trial court as to whether consecutive sentences were necessary for his punishment.

{¶ 20} Where, as here, a trial court has imposed consecutive sentences but failed to make all of the requisite statutory findings, the remedy is generally to vacate the consecutive sentences and remand for resentencing. *See, e.g., State v. Beasley*, 153 Ohio St.3d 497, 544, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 260; *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37; *Tolbert*, 8th Dist. Cuyahoga No. 110249, 2022-Ohio-197, at ¶ 51-52; *Tidmore* at ¶ 30; *F.F.* at ¶ 14, 16.

{¶ 21} Appellant urges us not to remand the case and to, instead, modify his sentences from consecutive sentences to concurrent sentences based on the trial court's failure to comply with R.C. 2929.14(C)(4). He argues that the trial court explained its rationale and should not be permitted to add additional findings after the fact.

{¶ 22} Considering the record before us in its entirety, "'the possibility exists for the trial court to make another finding to support the imposition of consecutive sentences,'" i.e., that consecutive sentences are not disproportionate to the danger appellant poses to the public and that they are necessary to punish appellant, "'[b]ut the trial court is free to impose concurrent sentences if it does not find that consecutive sentences are appropriate.'" *State v. Ferrell*, 8th Dist. Cuyahoga No.

104047, 2016-Ohio-7715, ¶ 10, quoting *State v. Ferrell,* 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377, ¶ 46. Accordingly, we vacate appellant's consecutive sentences and remand for the trial court to again consider whether the sentences on Counts 2 and 3 should be served consecutively and, if so, to make all of the required findings on the record and to incorporate those findings into its sentencing journal entry.

{¶ 23} Appellant's first assignment of error is sustained.

{¶ 24} In his second assignment of error, appellant argues that the trial court improperly imposed postrelease control for a period greater than provided under R.C. 2967.28(C) for a fourth-degree felony.

{¶ 25} The state agrees that the trial court erroneously stated that appellant's term of postrelease control would be "a minimum of 12 months to a maximum of two years." Under R.C. 2967.28(C), postrelease control for a non-sex fourth-degree felony is at the discretion of the Adult Parole Authority for up to two years.

{¶ 26} Accordingly, appellant's second assignment of error is sustained. As this matter is being remanded for resentencing, in its subsequent sentencing entry, the trial court shall eliminate the minimum term of postrelease control and state the term as discretionary for "up to two years."

### III. Conclusion

{¶ 27} The trial court did not make the requisite findings to support consecutive sentences under R.C. 2929.14(C) and further erred by ordering that

appellant be subject to postrelease control for "a minimum of twelve months to a maximum of two years."

{¶ 28} Appellant's sentence is vacated, and this matter is remanded for the trial court to (1) again consider whether the sentences on Counts 2 and 3 should be served consecutively and, if so, to make all of the required findings on the record and to incorporate those findings into its sentencing journal entry; and (2) issue a sentencing entry that states that appellant will be subject to postrelease control for up to two years.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR