[Cite as *State v. Wells*, 2013-Ohio-3809.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 99305, 99306, and 99307**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RONALD DAVON WELLS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-566206, CR-564784, and CR-566207

**BEFORE:** Keough, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 5, 2013

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Adam Chaloupka
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In this consolidated appeal, defendant-appellant, Ronald Wells ("Wells"), appeals the trial court's imposition of consecutive sentences. For the reasons that follow, we affirm.

{¶2} In July 2012, Wells was indicted in Cuyahoga C.P. No. CR-564784 on one count each of drug trafficking, drug possession, and possession of criminal tools. While out on bond for this case and on postrelease control on another case, Wells committed two separate robberies on two, but consecutive days.

{¶3} In Cuyahoga C.P. No. CR-566206, Wells was charged with two counts of aggravated robbery each containing repeat violent offender and one- and three-year firearm specifications, and a notice of prior conviction. He was also charged with having a weapon while under disability. This case was referred to as the "casino case" because Wells robbed two patrons of their winnings at gunpoint outside the Horseshoe Casino in downtown Cleveland.

{¶4} In Cuyahoga C.P. No. CR-566207, Wells was indicted with three counts of kidnapping, two counts of aggravated burglary, five counts of aggravated robbery, three counts of felonious assault, and one count each of having a weapon while under disability and grand theft. A majority of these counts carried repeat violent offender and one- and three-year firearm specifications, and a notice of prior conviction. This indictment arose

from a home invasion of Wells's family friend where Wells's co-defendant physically assaulted a victim.

{¶5} On October 17, 2012, Wells pled guilty on the drug case to drug possession with forfeiture specifications. On October 31, Wells pled guilty on the home invasion case to one amended count each of kidnapping, aggravated burglary, and aggravated robbery, including all attendant specifications and notices, except the repeat violent offender specification, which was deleted by the state. Wells also pled guilty to grand theft and having a weapon while under disability. On that same day, he also pled guilty on the casino case to the weapon while under disability charge and an amended count of aggravated robbery, including the one- and three-year firearm specifications and the notice of prior conviction. The repeat violent offender specification was again deleted by the state.

{¶6} The trial court sentenced Wells to 17 months on the drug case to be served concurrently with the casino case, Cuyahoga C.P. No. CR-566206. Regarding the casino case, the court imposed a total sentence of ten years — merging the firearm specifications into the three-year specification to be served prior and consecutive to the base sentence of seven years on the aggravated robbery charge. The court imposed a sentence of 36 months on the weapon under disability charge to be served concurrently with the ten-year sentence. The court ordered that this ten-year sentence be served consecutively to the home invasion case, Cuyahoga C.P. No. CR-566207.

**{¶7}** Finally, on the home invasion case, the court sentenced Wells to eight years on each count of kidnapping, aggravated burglary, and aggravated burglary, to be served concurrently. The court also merged all the firearm specifications into one three-year specification to be served prior and consecutive to the eight-year base sentence on the underlying offenses. Finally, the court imposed a prison sentence of 36 months on the weapon while under disability charge and 15 months on the grand theft charge, to be served currently with the eight-years imposed on the first-degree felonies. Wells's total prison sentence on the home invasion case was eleven years, to be served consecutively to the casino case, Cuyahoga C.P. No. CR-566206.

**{¶8}** Accordingly, Wells's total aggregate sentence for all three cases was 21 years. He now appeals his sentences setting forth two assignments of error.

**{¶9}** In his first assignment of error, Wells contends that the trial court erred procedurally in imposing consecutive sentences. Specifically, Wells contends that because the trial court failed to cite the subsection governing the imposition of consecutive sentences under R.C. 2929.14 during sentencing it did not make the necessary factual findings under R.C. 2929.14(C)(4). This argument has no merit and we summarily reject it. As will be discussed under Wells's second assignment of error, the trial court strictly complied with R.C. 2929.14(C)(4) in imposing consecutive sentences; its failure to state the appropriate subsection under R.C. 2929.14 does not invalidate Wells's sentence.

**{¶10}** In his second assignment of error, Wells contends that the trial court abused its discretion by imposing consecutive sentences.

**{¶11}** We review consecutive sentences using the standard of review set forth in R.C. 2953.08. *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 10 (holding that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, is no longer valid in light of the enactment of H.B. 86 and the "revival" of statutory findings necessary for imposing consecutive sentences).

**{¶12}** R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the sentence is "otherwise contrary to law"; or (2) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4). *Venes* at ¶ 11; R.C. 2953.08(G)(2).

**{¶13}** The presumption in Ohio is that sentencing is to run concurrent, unless the trial court makes the required findings for consecutive sentences set forth in R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga No. 98428, 2013-Ohio-1179, ¶ 11; R.C. 2929.41(A).

**{¶14}** Under current R.C. 2929.14(C)(4), when imposing consecutive sentences, the trial court must first find the sentence is "necessary to protect the public from future crime or to punish the offender." Next, the trial court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the

danger the offender poses to the public." Finally, the trial court must find that one of the following factors applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C).

{¶15} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891 at ¶ 17, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 2001-Ohio-1341, 754 N.E.2d 1252. The failure to make these findings is "contrary to law." *Id.* at ¶ 12.

{¶16} In this case, we find that the trial court strictly complied with the requirements of R.C. 2929.14(C)(4) prior to imposing consecutive sentences and our review of the entire record supports the trial court's findings.

{¶17} After the trial court discussed the overall underlying purposes and goals of felony sentencing, it thoroughly discussed the factors and indicators under each section of R.C. 2929.12. The court then imposed its sentence on each case. Following the

imposition of each sentence, the court then considered whether the sentences in these cases should be served consecutively, stating:

> [T]his Court is of the opinion that consecutive sentences are necessary to protect the public from future crime or to punish you. You had just served time for two robberies. While you were on post-release control and bond here, you went out and committed two more serious robberies with a firearm.
>
> The Court finds that this sentence is not disproportionate to the seriousness of your conduct and to the danger that you posed to the public. In one instance, your codefendant beat a person and sent him to the hospital, somebody you knew, and in another instance, they beat again — you call him your uncle and caused him to have injuries for which he did not seek medical treatment.
>
> You frightened people that were robbed as they came out of the casino after their winnings.
>
> The Court finds that you committed the two robberies, the two separate days, August 18th and August 19th, while you were awaiting trial on your drug case and while you were under a sanction of post-release control for a prior offense which was robbery. They were part of a course of conduct in order to satisfy your desire for drugs to have money for them as you were robbing people. Your history of criminal conduct since you were a juvenile is all violence: felonious assault, robberies, antisocial behavior by selling drugs and such. So I feel that consecutive sentences are necessary to protect the public from future crime by you.

{¶18} The trial court succinctly delineated each necessary finding under R.C. 2929.14(C)(4) when it imposed its sentence. Additionally, the trial court supported its separate and distinct findings with facts from the record, although it was not obligated to do so. This text-book approach made appellate review of the issues and the case simple.

{¶19} Accordingly, we find that the trial court made all the necessary findings prior to imposing consecutive sentences, those findings are supported by the record, and Wells's sentence is not contrary to law.   The second assignment of error is overruled.

{¶20}   Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

KENNETH A. ROCCO, P.J., and
MARY EILEEN KILBANE, J., CONCUR