[Cite as *State v. West*, 2018-Ohio-956.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105568

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MELVIN WEST

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595067-A

**BEFORE:** Boyle, J., McCormack, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 15, 2018

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio   44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   John Farley Hirschauer
          Anthony Thomas Miranda
Assistant County Prosecutors
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Melvin West, appeals his sentence and the trial court's imposition of court costs. On appeal, he raises two assignments of error for our review:

1. Appellant's sentence is contrary to law and consecutive sentences were not properly imposed.

2. The imposition of court costs in the journal entry without advising Appellant in open court violated Appellant's rights to due process.

{¶2} Finding no merit to his assignments of error, we affirm.

## I. Procedural History and Factual Background

{¶3} On May 20, 2015, a Cuyahoga County Grand Jury indicted West for six counts of trafficking, four counts of drug possession, two counts of permitting drug abuse, and one count of possessing criminal tools. All of the trafficking counts carried numerous specifications.

{¶4} Subsequently, the state and West entered a plea agreement, under which West would plead guilty to two counts of trafficking, a felony of the fifth degree with forfeiture specifications (heroin) and a felony of the fourth degree with a juvenile specification (cocaine). In exchange, the state would dismiss the 11 remaining charges as well as the charges against West's wife, who was also charged in the indictment for a number of drug-related offenses.

{¶5} On July 21, 2015, West pleaded guilty to the two trafficking counts; however, he failed to appear for his sentencing hearing on August 18, 2015, and a capias was issued for his arrest. On June 28, 2016, West turned himself into authorities.

**{¶6}** Consequently, the court held a sentencing hearing on July 11, 2016. At the hearing, the court sentenced West to 12 months for trafficking heroin, the fifth-degree felony with forfeiture specifications, and 18 months for trafficking cocaine, the fourth-degree felony with a juvenile specification. The court ordered that West serve those sentences consecutively. Additionally, the court informed West that his driver's license was suspended for five years and that he could be placed on postrelease control for up to three years.[1]

## II. Standard of Review

**{¶7}** An appellate court must conduct a meaningful review of the trial court's sentencing decision. *State v. Johnson*, 8th Dist. Cuyahoga No. 97579, 2012-Ohio-2508, ¶ 6, citing *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892. R.C. 2953.08(G)(2) provides that our review of consecutive sentences is not an abuse of discretion. Instead, an appellate court must "review the record, including the findings underlying the sentence or modification given by the sentencing court." *Id.* If an appellate court clearly and convincingly finds either that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or (2) "the sentence is otherwise contrary to law," then "the appellate court may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the

---

[1] We will discuss specific facts related to appellant's assignments of error more fully in the body of this opinion.

sentencing court for resentencing." *Id.* The Ohio Supreme Court has further explained:

> that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellant court finds by clear and convincing evidence that the record does not support the sentence.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

## III. Law and Analysis

### A. Maximum Sentences

{¶8} Under his first assignment of error, West contests the trial court's imposition of the maximum sentence, arguing that it is contrary to law because it was not supported by the record.

{¶9} Foremost, trial courts have full discretion to impose the maximum sentence as long as it remains within the statutory range and are not required to make findings and give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Here, the trial court's sentence for both of West's felonies were within the permissible statutory range.

{¶10} When sentencing a defendant, the court must consider the purpose and principles of felony sentencing set forth in R.C. 2929.11 and the serious and recidivism factors in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511,

2013-Ohio-5025, ¶ 7.   R.C. 2929.11(A) and (B) states that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others to punish the offender using the minimum sanctions that the court determines accomplish those purposes" and requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."   R.C. 2929.12 sets forth a nonexhaustive list of factors that the court must consider in relation to the seriousness of the underlying crime and likelihood of recidivism, including "(1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors."   *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26, citing R.C. 2929.12(B) and (D).

{¶11} Trial courts, however, are not required to make factual findings under R.C. 2929.11 or 2929.12 before imposing the maximum sentence.   *Id.* at ¶ 27.   In fact, "[c]onsideration of the factors is presumed unless the defendant affirmatively shows otherwise."   *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12, citing *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234. "[T]his court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes."   *Id.,* citing *State v. Wright*, 8th Dist. Cuyahoga No. 100283, 2014-Ohio-3321.

**{¶12}** At the sentencing hearing, the trial court discussed West's "course of conduct," selling heroin on April 7 and cocaine on April 16, and then stated that "numerous other charges [that] were dismissed represent other dangers as well." West claims this was "not an appropriate basis" for imposing a maximum sentence and cites to *State v. Blevins*, 8th Dist. Cuyahoga No. 105023, 2017-Ohio-4444, in support of his argument. West's reliance on *Blevins*, however, is misplaced.

**{¶13}** In *Blevins*, the appellant made a similar argument, which was "premised on the assumption that the trial court imposed the maximum sentence because of the court's view regarding the benefit appellant received from the plea agreement, rather than the * * * factors and considerations that prompted the court to impose consecutive sentences." *Id.* at ¶ 34. We disagreed, noting that "[a] plea agreement does not * * * preclude the trial court's consideration of the underlying facts of the case in determining the appropriate sentence to impose" and, therefore, "the trial court is permitted to consider the original charge when imposing its sentencing." *Id.* at ¶ 36, citing *State v. Peal*, 8th Dist. Cuyahoga No. 97644, 2012-Ohio-6007; *see also State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2015-Ohio-299, ¶ 9 (when sentencing defendants, trial courts may consider charges that were dismissed pursuant to the plea agreement).

**{¶14}** Here, the trial court's journal entry contains language indicating that it considered the required statutory factors. Additionally, the trial court was allowed to consider the case's underlying facts as well as West's criminal background when imposing an appropriate sentence. *Id.* at ¶ 36. At the sentencing hearing, the trial court

considered a number of factors, including West's extensive criminal background, drug addictions, and the impact that his actions had on the public. Therefore, we cannot say that the trial court's imposition of a maximum sentence is unsupported by the record or is contrary to law.

### B. Consecutive Sentences

{¶15} Also under his first assignment of error, West argues that the trial court improperly imposed consecutive sentences for his drug trafficking convictions. A defendant can challenge consecutive sentences on appeal by arguing that the consecutive sentences are contrary to law because the court failed to make the necessary findings under R.C. 2929.14(C)(4) or that the record does not support the trial court's findings under R.C. 2929.14(C)(4). *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7. West makes both arguments here.

{¶16} In Ohio, sentences are presumed to run concurrent to one another unless the trial court makes the required findings under R.C. 2929.14(C)(4). *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 13. As such, trial courts must engage in R.C. 2929.14(C)(4)'s three-tier analysis before imposing consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender[.]" R.C. 2929.14(C)(4). Second, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public." *Id.* Third, the trial court must find that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.* The failure to make the above findings renders the imposition of consecutive sentences contrary to law. *State v. Lawson*, 8th Dist. Cuyahoga No. 105038, 2017-Ohio-4189, ¶ 9, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075.

{¶17} When making the above findings, however, a trial court is not required to engage in "a word-for-word recitation" of R.C. 2929.14(C)(4)'s language. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. In fact, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶18} At the sentencing hearing, the trial court first reviewed West's extensive criminal record that spanned approximately 30 years and included juvenile charges of

rape, kidnapping, felonious assault, theft, shoplifting, and falsification and adult charges

of drug abuse, theft, drug trafficking, receiving stolen property, kidnapping, gross sexual

imposition, driving under suspension, grand theft, giving false information to a police

officer, drug possession, OVI, fraud, having weapons while under disability, and driving

under suspension.   The court remarked that West's record reflected that of a drug dealer

and asked West if he had been a drug dealer since 1989, which West admitted he had.

The court subsequently sentenced West to 12 months for his "dealing in heroin" and

related forfeiture specifications and 18 months for "dealing in cocaine" and the related

juvenile specification.

{¶19} After ordering that those two sentences run consecutively, the court stated:

> Obviously, you have been a long time drug dealer in our community, which, of course, would lead the Court to believe that you are part of the heroin epidemic that has taken the lives of over 150 residents of this county, and the 150 mark we hit sometime in May.   I don't have any data numbers for June or July, but I'm sure it is growing.

> The Court finds that consecutive sentences are therefore necessary to protect the public from future crime by you, and it is not disproportionate for the seriousness of your conduct and to the danger your conduct poses and imposes to the public.

> You also committed one or more of these sentences as a course of conduct, selling heroin on April 7th, cocaine on April 16th, numerous other charges were dismissed represent other dangers as well.

> Your history of criminal conduct dealing drugs since 1989, along with other crimes, demonstrates that consecutive sentences are necessary to protect the public from future crimes by you.

{¶20} Based on the record, it is clear that the trial court delineated all of the

findings necessary under R.C. 2929.14(C)(4)'s three-tier analysis and supported those

findings with facts from the record, "although it was not obligated to do so." *Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, at ¶ 18.

**{¶21}** West argues that the trial court failed to explain "why his conduct required the imposition of consecutive sentences or how this will protect the public." We disagree. When the General Assembly enacted H.B. 86, reviving Ohio's presumption for concurrent sentences and requiring trial courts to make findings before imposing consecutive sentences, it deleted the requirement under S.B. 2 that required a trial court to state its reasons for imposing consecutive sentences. *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 11. Thus, the trial court was not required to explain "why" it made its findings.

**{¶22}** West also argues that the trial court's "use of consecutive sentencing does not address the substance abuse problem that underlies and drives [his] crimes" and that a sentence including substance abuse treatment "would better serve the interest of the public and would punish [him] with the minimum sanctions necessary to accomplish the purposes of R.C. 2929.11." Neither R.C. 2929.14(C)(4)'s plain language nor case law applying that language, however, requires that the trial court's sentence address a defendant's substance abuse issues.

**{¶23}** The trial court also properly incorporated the necessary findings into its sentencing journal entry as required. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. Therefore, we find that the trial court's findings were sufficient under R.C. 2929.14(C)(4) to support consecutive sentences.

{¶24} West additionally argues that the trial court's findings for consecutive sentences were not supported by the record. But the trial court reviewed West's extensive criminal record, which spanned approximately 30 years and included rape, kidnapping, felonious assault, gross sexual imposition, driving under suspension, fraud and numerous convictions for theft, falsification, and a variety of drug offenses. In addition, West admitted to the court during the sentencing hearing that he sells drugs to support his cocaine and marijuana addictions. The information presented to the trial court reflected ongoing criminal, and sometimes violent, behavior, danger to the public, and a high chance for recidivism.

{¶25} West further argues that the record does not support the imposition of consecutive sentences because while "the court spent most of the time discussing its conclusion that [he] was a contributor to the heroin crisis in the county and responsible for approximately 150 deaths that resulted from heroin use[,]" he had no prior convictions involving heroin. West, however, mischaracterizes the statements made by the trial court, which actually were, "[Y]ou have been a long time drug dealer in our community, which, of course, would lead the Court to believe that you are part of the heroin epidemic that has taken the lives of over 150 residents of this county, and the 150 mark we hit sometime in May." West pleaded guilty to trafficking heroin after he was caught with the substance. As a result, the trial court was not incorrect in labeling West as a contributor to the heroin epidemic and identifying the epidemic's drastic effects on this

county's residents.    Therefore, we find that the record supports the trial court's findings under R.C. 2929.14(C)(4).

{¶26} Accordingly, we overrule West's first assignment of error.

**C. Court Costs**

{¶27} In his second assignment of error, West argues that the trial court erred when it ordered him to pay court costs in its sentencing journal entry but not at the sentencing hearing.    He argues that the appropriate remedy is to remand the case with an order to waive his court costs because of his indigent status.    The state concedes this error, but argues that the issue should be remanded to determine whether court costs are appropriate.

{¶28} Our court, sitting en banc, recently held that a "trial court's failure to impose court costs at the sentencing hearing, but ordering the defendant to pay court costs in the judgment entry of conviction, constitutes reversible error."    *State v. Taylor*, 8th Dist. Cuyahoga No. 104243, 2017-Ohio-9270, ¶ 13.    Our holding followed the Ohio Supreme Court's ruling in    *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, which held that a trial court's failure to orally notify a defendant of court costs at the sentencing hearing is error.    *Joseph* at ¶ 22.

{¶29} Nevertheless, less than a month after *Taylor* was released, the Ohio Supreme Court decided *State v. Beasley*, Slip Opinion No. 2018-Ohio-493.    In *Beasley,* which was a death-penalty case, the trial court imposed court costs in its journal entry but failed to mention them during the sentencing hearing.    In his appeal to the Ohio Supreme

Court, the appellant relied on *Joseph.* The Ohio Supreme Court, however, disagreed with the appellant's position, stating that "*Joseph* is no longer good law" based on the General Assembly's amendment of R.C. 2947.23. *Id.* at ¶ 263. The court noted that the newly added subdivision (C) to that statute states, "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." *Id.* at ¶ 265. Based on that language, the court concluded that "Beasley does not need this court to remand this case in order for him to file a motion to waive costs. Therefore, his request for a remand on this basis has no merit." *Id.*

{¶30} After review, we find that *Beasley* effectively overrules this court's en banc decision in *Taylor.* Therefore, we find that the lower court did not err and that West's request for a remand is meritless.

{¶31} Accordingly, we overrule West's second assignment of error.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
SEAN C. GALLAGHER, J., CONCUR