[Cite as *State v. Powell* , 2018-Ohio-2648.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106375**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANTROME J. POWELL**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-611843-A

**BEFORE:**    McCormack, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   July 5, 2018

**ATTORNEYS FOR APPELLANT**

Michael H. Peterson
820 W. Superior Ave., Ste. 800
Cleveland, OH 44113

Thomas A. Rein
820 W. Superior Avenue, Ste. 800
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Kristin M. Karkutt
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Antrome Powell appeals his maximum sentence, assigning one error for our review: the record clearly and convincingly fails to support the imposition of a maximum sentence. Finding no merit to his appeal, we affirm.

{¶2} On December 6, 2016, a Cuyahoga County Grand Jury indicted Powell in a 12-count indictment, including two counts of rape in violation of R.C. 2907.02(A)(1)(b), sexual conduct with someone less than 13 years of age; five counts of rape in violation of R.C. 2907.02(A)(2), sexual conduct by force or threat of force; and five counts of kidnapping in violation of R.C. 2905.01(A)(4). All of the kidnapping counts included a sexual motivation specification. The victim in each count, A.W., is Powell's niece, who was between the ages of 11 and 15 years at the time of the alleged offenses.

{¶3} Subsequently, Powell entered into a plea agreement whereby he pleaded guilty to one count of rape in violation of R.C. 2907.02(A)(2) and one count of kidnapping in violation of R.C. 2905.01(A)(4), both first-degree felonies. In exchange, the state agreed to dismiss the remaining counts. Merging the two counts, the court sentenced Powell to the maximum 11 years in prison. Powell was also classified as a Tier III sex offender and is required to register with the county sheriff every 90 days. This appeal followed.

{¶4} In his sole assignment of error, Powell argues that the record demonstrates that the 11-year maximum sentence is "unwarranted" and does not serve the requirements of R.C. 2929.11 and 2929.12.

**{¶5}** We note initially that in reviewing felony sentences, we do not review the sentence for an abuse of discretion; rather, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Wright*, 8th Dist. Cuyahoga No. 106175, 2018-Ohio-965, ¶ 9; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings under R.C. 2929.14(C)(4) or the sentence is contrary to law. *State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 9.

**{¶6}** A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. A trial court's imposition of a maximum term of imprisonment for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense and the court considers the purposes and principles of felony sentencing outlined in R.C. 2929.11 and the seriousness and recidivism factors outlined in R.C. 2929.12. *Wright* at ¶ 16; *State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 9, 10 (stressing a trial court's "full discretion" to impose the maximum sentence as long as the sentence is within the statutory range and the court considered the relevant statutory purposes and guidelines).

**{¶7}** R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. Further, the

sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶8} The court that imposes a felony sentence has the discretion to determine the most effective way to comply with the purposes and principles of sentencing as outlined above. R.C. 2929.12(A); *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 10. In exercising this discretion, however, the sentencing court must consider a statutory list of factors regarding the seriousness of the offender's conduct and the likelihood of recidivism, as well as any other factors relevant to achieving these purposes and principles of sentencing. *See* R.C. 2929.12; *Switzer*. These factors include the physical or mental injury suffered by the victim due to the age of the victim; the physical, psychological, or economic harm suffered by the victim; whether the offender's relationship with the victim facilitated the offense; the defendant's prior criminal record; whether the defendant was under a court sanction at the time of the offense; whether the defendant shows any remorse; and any other relevant factors. R.C. 2929.12(B) and (D). The court must also consider any factors indicating the offender's conduct is less serious than conduct normally constituting the offense, including any mitigating factors. R.C. 2929.12(C).

{¶9} Although the trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to engage in any factual findings under R.C. 2929.11 or 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. Indeed, consideration of the statutory factors is presumed unless the defendant affirmatively demonstrates otherwise. *Id.* Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors sufficiently fulfills its

obligations under R.C. 2929.11 and 2929.12. *Wright*, 8th Dist. Cuyahoga No. 106175, 2018-Ohio-965, at ¶ 16; *West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, at ¶ 11.

{¶10} Here, there is no dispute that Powell's 11-year sentence is within the statutory range for the first-degree felony rape offense. And in reviewing the record, we find the court considered the principles and purposes of felony sentencing outlined in R.C. 2929.11 and the sentencing factors outlined in R.C. 2929.12 prior to sentencing.

{¶11} Before imposing sentence, the court heard from the prosecutor, who provided the factual background of the case in the sentencing memorandum and in court. The prosecutor advised the court that the young victim, A.W., is Powell's niece. They first encountered each other in 2012 in Minneapolis where A.W. lived with her mother and her siblings. After the initial meeting, A.W. would travel to Cleveland and spend the nights at Powell's home while visiting her cousin, Powell's daughter. The prosecutor stated that these visits provided the basis for the indictment. Specifically, Powell raped A.W. in the middle of the night while she slept in his home. After the rape, A.W. learned that she was pregnant. She sought and obtained the Minneapolis Juvenile Court's permission to terminate her pregnancy without parental consent, because A.W. was afraid that no one would believe her. In September 2016, she terminated her pregnancy. In October 2016, however, she disclosed everything to her mother, and Powell was subsequently charged with rape and kidnapping.

{¶12} The court heard from A.W. through a victim impact statement, in which she stated as follows:

> I feel a sense of hopelessness and ask myself why you chose to hurt me. Keeping a painful secret haunted me. I feel ashamed, sad, and embarrassed. I feel like no one will ever look at me the same, and I feel dirty and bad about myself. That's why I was scared to tell my family.

I stayed in my room and cried a lot. The things I used to do I didn't enjoy doing anymore. I was afraid to tell my mother what you did, because I believed what you said, that no one would believe me, that you would hurt me, and that I would be taking "S's" dad away from her * * *.

I'm glad I got the strength and courage to tell my mother. I couldn't keep the secret that was haunting me inside.

It is my hope that you go to prison for what you have done to me. * * * I don't want you to ever have the chance to hurt anyone else like you have hurt me. I hope you get some help, but to me you will always be a monster. I'm glad I now have the strength and courage and support to fight off monsters.

{¶13} The court also heard from members of A.W.'s family in a victim impact statement, in which one member wrote:

You took away the innocence of a child that she will never get back. Now it's hard for our family to trust people, because you never know what their intent is * * * You raping A.W. was the worst tragedy that we have had to face. We felt helplessness that we didn't see it in you and we weren't able to protect her. Then again, we didn't know she was in danger and needed protecting from her uncle.

{¶14} Finally, the court heard from Powell, defense counsel, and a family member who spoke on behalf of Powell. Powell offered a form of an apology:

I would like to apologize to [A.W.'s mother] for what did happen. You know, there was so much stuff in the [police] report that was false, and, like I said, I just wanted to get back home to my family. That's why I took the plea. It's just so many lies in there today.

* * *

Some of the stuff that was said from A.W. is false. But, like I said, I'm taking full responsibility for my actions. * * * Like I said, I apologize to her for what did take place, but it didn't go as far as what they're saying it did.

**{¶15}** Thereafter, the court stated that it reviewed the presentence investigation report and it noted that Powell has "an exceedingly long record as a family man and a productive person in the community" and he continued to work while on GPS monitoring. The court then discussed the nature of the crime, stating that "[s]ex offenses are also committed very commonly by ordinary members of the community that we would have no compunction about visiting, traveling with, working with, inviting into our homes." The court stated that "[t]he tragedy of these cases and the harm they do to children is unspeakable."

**{¶16}** Finally, the court noted that it considered the principles and purposes of felony sentencing and it thoroughly discussed the seriousness and recidivism factors:

> Our victim, due to her particular physical and mental condition and age, was especially severe. The fact that she suffered an abortion, a medical procedure on top of it, is certainly evidence of that. * * * Certainly, this crime put on our victim serious physical and psychological harm as a result.
>
> Another seriousness factor that applies is the fact that Mr. Powell's relationship with A.W. facilitated the offense. This is not a stranger-to-stranger crime. This is a family member exposing their vulnerable children to another family member with no prior reason to believe that he would victimize and commit a sex offense upon her.
>
> I don't see any factors showing this is less serious, and I do notice those three that indicate it's more serious.
>
> Now, the other set of factors I'm duty-bound to look at are recidivism factors. And the only factor in the law book [that] strikes me as applies here as a recidivism factor * * * is that Mr. Powell really shows no genuine remorse for the offense. He is still in a way just saying, I just took a plea bargain, because I didn't want to go to trial and run the risk that I would receive an even harsher sentence. He wants to blame it on how he didn't have a relationship with A.W.'s

mother.   This is not the child speaking, this is my sister speaking.   This is no genuine remorse.

I will give Mr. Powell credit for his productive work in the community before this came to light.   I will give Mr. Powell credit that he didn't run while he was out on bond pending sentencing, and he did continue to go to work and do what the court expected him to do, but I'm not going to give him any credit for expressing remorse because he didn't.   It may be that he does not yet have it in himself to do so.

There was certainly no factors indicating that he's less likely to recidiv[ate].

**{¶17}** Additionally, the court's sentencing journal entry states that the court considered all the required factors of law and it found that prison is consistent with the purpose of R.C. 2929.11.

**{¶18}** In light of the foregoing, we cannot say the trial court's imposition of a maximum sentence in this case is unsupported by the record or is contrary to law.

**{¶19}** Powell's sole assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR