[Cite as *State v. Clark*, 2018-Ohio-4600.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107041**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**KOLBY CLARK**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-622830-A

**BEFORE:**    Jones, J., E.A. Gallagher, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**    November 15, 2018

**ATTORNEY FOR APPELLANT**

Myron P. Watson
1144 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Eben McNair
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

{¶2} Defendant-appellant Kolby Clark ("Clark") appeals his sentence for attempted drug trafficking, attempted tampering with evidence, and two counts of drug possession. We affirm.

{¶3} In 2017, Clark was charged in a seven-count indictment with two counts of drug trafficking, three counts of possession of drugs, one count of tampering with evidence, and one count of possessing criminal tools. He entered into plea negotiations with the state of Ohio and agreed to plead guilty to one count each of attempted drug trafficking and attempted tampering with evidence, and two counts of drug possession.[1] The trial court referred Clark for a

---

[1] The record shows that the police recovered two cell phones, a digital scale, $133 in U.S. currency, between 10 and 20 grams of cocaine, less than 200 grams of marijuana, and less than the bulk amount of fentanyl. At sentencing,

presentence investigation report.

{¶4} The trial court held a sentencing hearing at which the defendant, the attorneys for the defendant, and the state of Ohio made statements. The trial court sentenced Clark to a total of 60 months in prison. It is from this judgment that Clark appeals, raising one assignment of error for our review:

I. The trial court erred when it imposed a maximum and consecutive sentence when it failed to consider mitigation factors, and the record does not support its findings to impose this type of sentence.

{¶5} In his sole assignment of error, Clark contends that the trial court erred in sentencing him to maximum, consecutive sentences.

{¶6} It is well settled that R.C. 2953.08(G)(2) does not permit this court to review a felony sentence for an abuse of discretion. *State v. Bush*, 8th Dist. Cuyahoga No. 106392, 2018-Ohio-4213, ¶ 24. Instead, we may disturb a felony sentence only if we clearly and convincingly find that either "the record does not support the sentencing court's findings" or "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23.

{¶7} A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. A trial court's imposition of a maximum term of imprisonment for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense and the court considers the purposes and

_____

Clark told the trial court the drugs were for personal use.

principles of felony sentencing outlined in R.C. 2929.11 and the seriousness and recidivism factors outlined in R.C. 2929.12. *State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 9, 10 (stressing a trial court's "full discretion" to impose the maximum sentence as long as the sentence is within the statutory range and the court considered the relevant statutory purposes and guidelines).

{¶8} The court's sentencing journal entry in this case reflects that the court "considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." The court's statements that it considered the requisite statutory factors, alone, satisfy its obligations under the sentencing statutes. *Bush* at ¶ 23, citing *State v. Binford*, 8th Dist. Cuyahoga No. 105414, 2018-Ohio-90, ¶ 39.

{¶9} Clark concedes that the court articulated the requisite factors to impose consecutive sentences on the record but complains that the facts do not support the imposition of consecutive sentences. We take this to be a claim that "the record does not support the sentencing court's findings." R.C. 2953.08(G)(2); *Bush* at ¶ 24.

{¶10} A trial court must make specified findings pursuant to R.C. 2929.14(C)(4) before it imposes consecutive sentences. *State v. Magwood*, 8th Dist. Cuyahoga No. 105885, 2018-Ohio-1634, ¶ 62. The court must find: consecutive terms are required to protect the public from future crime or to punish the offender, (2) consecutive terms are not disproportionate to the seriousness of the conduct and danger posed to the public, and (3) either the offender committed at least one offense while awaiting trial or sentencing, that multiple offenses were part of a course of conduct and the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of the offender's conduct, or that the offender's criminal history is such that consecutive terms are necessary to protect the public. R.C. 2929.14(C)(4);

*State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 22, 26.   We find that there is ample evidence in the record to support consecutive sentences.

{¶11} The trial court made the finding that consecutive sentences were required to protect the public from future crime and to punish Clark based on his previous convictions.   The court also made the finding that consecutive sentences were not disproportionate to the seriousness of the offender's conduct or to the danger he poses to the public.   The court noted that Clark had a history of dealing heroin, fentanyl, and cocaine and had been dealing drugs since 2001 when he was a juvenile.   The court further noted that Clark "had never decided to change his actions," and had "not been rehabilitated or seen fit to change [his] ways."

{¶12} Finally, the court found that Clark's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crimes by the offender based on his history of drug dealing and the fact that he had committed the current offense while under indictment on another drug case.

{¶13} At one point during the hearing, the court asked Clark if he would name the person or persons who supplied him with drugs to sell.   Clark declined, saying he procured drugs to sell from "the streets."   The court noted that Clark was a "street dealer," as opposed to a larger "kilo dealer," but reasoned:

> You know, the law already delineates between the kilo dealers and the street dealers * * * you and I both know that the kilo dealers are not the people that we get in court.   The dealers we do get in court, they won't tell us who their dealers are.   So the only way I have to protect the community is by taking any dealer off the streets, and that's what I intend to do.

{¶14} This court notes that Clark, who was 33 at the time of the sentencing hearing, has at least 23 prior convictions, many of them felonies, and numerous traffic violations.   At least 11 of those prior convictions were for drug trafficking and one was for having a weapon while

under disability. Clark violated the conditions of his probation and community control sanctions in many of his cases and was given numerous chances by the courts to reform.

{¶15} Clark claims that the trial court was obligated to consider mitigating factors such as his remorse. There is no evidence that the trial court *did not* consider Clark's alleged remorse for his crimes; but the court found that Clark's long history of dealing drugs and that Clark "had never decided to change his actions," and had "not been rehabilitated or seen fit to change [his] ways" outweighed any remorse he showed at the sentencing hearing.

{¶16} In light of the above, the trial court did not err in imposing maximum, consecutive sentences. The sole assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR