MARY EILEEN KILBANE, P.J.:
{¶ 1} Defendant-appellant, Ronald L. Perry ("Perry"), appeals from his sentence for kidnapping and gross sexual imposition. For the reasons set forth below, we affirm.
{¶ 2} In August 2015, Lakewood police arrested Perry, after his friend's daughter, M.D., reported to the Lakewood Police Department that Perry had sexually abused her on multiple occasions when he *748 spent the night at her family's home. She alleged that this sexual abuse occurred over a five-year period-from the time she was seven until she was twelve years old.
{¶ 3} Perry was charged in a 23-count indictment as a result of these allegations. He was charged with five counts of rape; ten counts of kidnapping, each with a sexual motivation specification; and eight counts of gross sexual imposition ("GSI"). Pursuant to a plea agreement with the state of Ohio, Perry pled guilty to seven counts of kidnapping, each with a sexual motivation specification, and eight counts of GSI. As a condition of the plea agreement, Perry agreed that none of the counts to which he pled guilty were allied offenses of similar import and that there would be no merger for purposes of sentencing.
{¶ 4} At Perry's plea hearing, the trial court advised him of his rights and informed him of the maximum sentence it could impose for each of the offenses to which he intended to plea. The court also advised Perry of his sex offender classification and registration requirements as well as postrelease control.
{¶ 5} The state indicated that it would be satisfied with a maximum period of 40 years of imprisonment. Perry's defense counsel advised the trial court that Perry and the state had agreed to a 40-year maximum term of imprisonment as part of their plea negotiations in light of the possible 117-year consecutive, maximum sentence Perry faced for the kidnapping and GSI counts.[1] The trial court, in confirming its understanding of the plea agreement, asked:
THE COURT: But is this an agreed sentence by and between?
[DEFENSE COUNSEL]: No.
[STATE]: It's agreed by the State, by the defense that that is the cap; it's 40 years.
[DEFENSE COUNSEL]: It's just a cap. It's not an agreed sentence it's just when we were negotiating-
THE COURT: Well, see that's what I misunderstood because I understood that the State was saying that it was okay, the maximum of 40 years. But as we all know, as the sentencing judge I could go beyond 40 years. That's what I need to know; is this plea being made with the understanding that the-it's expected the Court will not exceed what the [state] said is okay?
[DEFENSE COUNSEL]: My understanding is that, yes, the maximum given on however you choose. You could choose to run them all concurrently. And we're not thinking even of that number, but if you were inclined to do more you are to go no more than that; that is the cap. Because in reaching this there is a lot of exposure to a lot of-many years that could effectively exceed that, so when we _
THE COURT: But see, I see that as an agreement whereby the Court is bound by a 40-year maximum penalty.
[STATE]: That is an agreement. I believe that that is what _
[DEFENSE COUNSEL]: Yes.
The trial court further explained that it was not bound by the parties' agreement *749 of a 40-year maximum sentence. Perry indicated that he understood the plea and made this plea knowingly, voluntarily, and intelligently. The trial court accepted his plea, ordered a presentence investigation report ("PSI"), and set the matter for sentencing.
{¶ 6} At the sentencing hearing, the trial court sentenced Perry to prison for a total of 24 years. This sentence included three years on each of the seven kidnapping counts, to be served consecutively. The trial court also sentenced him to 36 months on each of the eight GSI counts.
The trial court ordered seven of the GSI counts to run concurrent to the kidnapping counts and the remaining GSI count to run consecutively to all other counts.
{¶ 7} Perry now appeals, raising the following two assignments of error for our review:
Assignment of Error One
The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.14 and the purposes and principles of the felony sentencing guidelines.
Assignment of Error Two
The trial court erred in imposing consecutive sentences.
Agreed Sentence Cap
{¶ 8} As an initial matter, we note the state argues that Perry's sentence is not reviewable under R.C. 2953.08(D)(1), which provides:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
See also State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, at ¶ 16.
{¶ 9} Therefore, Perry's sentence is not reviewable under R.C. 2953.08(D)(1) if: (1) it was authorized by law; (2) was jointly recommended by Perry and the state; and (3) was imposed by a sentencing judge. The state, relying on State v. Collini , 2d Dist. Montgomery No. 26587, 2015-Ohio-4784, 2015 WL 7429592, argues that Perry's sentence is unreviewable because "[a] sentence within a jointly recommended range is a jointly recommended sentence for purposes of R.C. 2953.08." Id. at ¶ 12. We are not persuaded that Perry's agreement with the state to cap his sentence amounted to an "agreed sentence" under R.C. 2953.08(D)(1).
{¶ 10} Here, a review of the record demonstrates that Perry and the state jointly recommended to the trial court that the maximum sentence Perry could receive was 40 years in prison.
{¶ 11} Perry's defense counsel qualified that the plea agreement did not include an agreed sentence, but merely an agreed "cap." It is clear from the record that the state did not refute this assertion.
THE COURT: But is this an agreed sentence by and between?
[DEFENSE COUNSEL]: No.
[STATE]: It's agreed by the State, by the defense that that is the cap; it's 40 years.
{¶ 12} We recognize the case law of other Ohio districts that hold that sentences imposed within an agreed sentencing range are unreviewable generally involve an agreement to a range with a definite minimum and maximum. See Collini ; State v. Dewitt , 2d Dist. Montgomery No. 24437, 2012-Ohio-635, 2012 WL 525578. Unlike the defendants in the foregoing cases, in the instant case, Perry agreed only to a maximum sentence or "cap" and not a definite range including a minimum and maximum. We find that because *750 Perry and the state agreed only to a maximum cap or "ceiling" on his sentence, and not a specific agreed sentence or a definite agreed sentencing range, his sentence is not an "agreed sentence" under R.C. 2953.08(D)(1). Therefore, Perry's sentence is reviewable.
{¶ 13} Having found that his sentence is reviewable, we now address Perry's assigned errors.
Relevant Sentencing Factors
{¶ 14} In his first assignment of error, Perry argues that the trial court "failed to appropriately address the seriousness and recidivism factors necessary for the purposes and principles of the felony sentencing guidelines." He takes issue with the fact that the trial court did not address each individual sentencing factor listed under R.C. 2929.12.
{¶ 15} A trial court has full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. State v. Hodges , 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, 2013 WL 6047189, ¶ 7. We have held that a trial court fulfills its duty under these statutes by indicating that it has considered the relevant sentencing factors. State v. Smith , 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, 2014 WL 1408284, ¶ 14. The court need not go through each factor on the record _ it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration. Id.
{¶ 16} Here, the trial court stated at sentencing that it
considered the purposes and principles of sentencing under [R.C.] 2929.11 and the seriousness and recidivism factors relevant to the offense or offenses and offender pursuant to [R.C.] 2929.12 and the need for deterrence, incapacitation, rehabilitation, and restitution.
The court then went on to address the specific factors it considered relevant to Perry's conduct. The sentencing journal entry indicated that the court considered all relevant sentencing factors. Therefore, the trial court fulfilled its duty under R.C. 2929.11 and 2929.12.
{¶ 17} Accordingly, Perry's first assignment of error is overruled.
Consecutive Sentences
{¶ 18} In the second assignment of error, Perry argues that the trial court's imposition of consecutive sentences is contrary to the felony sentencing guidelines. Perry concedes "he is not arguing that [the trial court] did not legally have the ability to [impose consecutive sentences] under case law[.]" Rather, he contends that "the record does not support consecutive sentences."
{¶ 19} We review consecutive sentences using the standard set forth in R.C. 2953.08. State v. Wells , 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, 2013 WL 4778578, ¶ 11, citing State v. Venes , 8th Dist. Cuyahoga No. 98682, 992 N.E.2d 453, 2013-Ohio-1891, ¶ 10. R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4) ; or (2) the sentence is "otherwise contrary to law." Id. at ¶ 12.
{¶ 20} In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.
*751 State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Nor is the court required to give a talismanic recantation of the words of the statute. Id. Specifically, the trial court must find that consecutive service for convictions of multiple offenses is "necessary to protect the public from future crime or to punish the offender." It must also find that the consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Finally, the trial court must find that one of the three statutory factors set forth in R.C. 2929.14(C)(4)(a)-(c) applies. Id.
{¶ 21} Here, the trial court made these three requisite findings on the record and in its sentencing journal entry. The trial court specifically found under R.C. 2929.14(C)(4)(b) that
at least two of the multiple offenses were committed as part of one or more course[s] of conduct and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course[s] of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 22} Based on the foregoing, the trial court's imposition of consecutive sentences was not contrary to law. We cannot clearly and convincingly say that the record does not support the trial court's findings under R.C. 2929.14(C) in light of the seriousness of Perry's conduct and the harm he caused M.D. Accordingly, we find that the trial court did not err in imposing consecutive sentences.
{¶ 23} Perry's second assignment of error is overruled.
{¶ 24} Judgment affirmed.
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY (SEE SEPARATE OPINION CONCURRING IN JUDGMENT ONLY.)
{¶ 25} I concur in the judgment affirming the trial court's decision. However, I find that Perry's sentence is unreviewable as the state argues. In R.C. 2953.08, the legislature outlined the scope of appellate review of felony sentences. R.C. 2953.08(D)(1) provides:
A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
{¶ 26} The journal entry reflects that Perry pleaded guilty to seven counts of kidnapping, a felony of the first degree. Although first-degree felonies are punishable by a prison term of 3 to 11 years, R.C. 2929.14(A)(1), the court sentenced Perry to three years on each count. The journal entry also reflects that Perry pleaded guilty to eight counts of gross sexual imposition, a felony of the third degree. Third-degree felonies are punishable by a prison term of twelve and sixty months, R.C. 2929.14(A)(3)(a). The court sentenced Perry to 36 months on each count.
{¶ 27} The majority does not dispute that the sentence for each count was both authorized by law and imposed by a sentencing judge. The court imposed a total prison term of 24 years, a term below the 40-year "cap" the parties agreed to and recommended. Additionally, the 24-year sentence is well below the potential 117-year prison term Perry was exposed to if convicted of all the charges against him. Instead, the majority contends that the *752 40-year cap was not an "agreed sentence" and therefore not a sentence "jointly recommended" as required by R.C. 2953.08(D)(1). I disagree.
{¶ 28} The phrase, "jointly recommended," used in R.C. 2953.08(D)(1), requires an agreement between the state and the defense on a sentence that has been negotiated and deemed acceptable to both sides. The statute does not define or limit the scope of the parties' sentencing recommendation. It merely requires that there be a joint recommendation that the trial court subsequently follows. The jointly recommended sentence may be for a discrete period of time, may be within a range, or simply be limited by a maximum amount of years-a cap-like we have in this case. If agreed to by both sides, each example satisfies the "jointly recommended" requirement of the statute.
{¶ 29} The Supreme Court has recognized that the General Assembly intended to preclude review of sentences that are jointly recommended " 'precisely because the parties agreed that the sentence is appropriate.' " State v. Underwood , 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 27, quoting State v. Porterfield , 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, ¶ 25. So, regardless of how the parties' joint recommendation of a sentence is delineated-for a definite period of time, within a range, or limited by a cap-both sides express to the court that imposing a sentence pursuant to the joint recommendation is unequivocally appropriate. To find otherwise elevates form over substance: it serves only to point out the distinct ways a jointly recommended sentence can be made, but does so without demonstrating any meaningful difference.

This possible sentence includes imposition of the maximum sentence on each of the seven first-degree felony kidnapping counts and a maximum sentence on each of the eight third-degree felony GSI counts, with all counts running concurrently. Under R.C. 2929.14(A)(1), a first-degree felony is punishable by a prison term in yearly increments ranging from three to eleven years. Under R.C. 2929.14(A)(3)(a), a third-degree felony that is a violation of R.C. 2907.05, prohibiting gross sexual imposition, is punishable by a prison term ranging from twelve to sixty months, in six-month specified intervals.