[Cite as *State v. F.F.*, 2019-Ohio-455.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107013**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**F. F.**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-620306-A

**BEFORE:** Kilbane, A.J., E.A. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 7, 2019

**ATTORNEY FOR APPELLANT**

John T. Castele
565 W. Bagley Road
Berea, Ohio 44017


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Fallon Radigan
Geoffrey S. Minter
Assistant County Prosecutors
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY EILEEN KILBANE, A.J.:

{¶1} Defendant-appellant, F.F., appeals the trial court's imposition of consecutive sentences. For the reasons set forth below, we vacate his consecutive sentence and remand the case to the trial court for the limited purpose of complying with the requirements of R.C. 2929.14(C) for the imposition of consecutive sentences.

{¶2} In August 2017, F.F. was charged in a 17-count indictment. The charges included ten counts of gross sexual imposition ("GSI"), six counts of kidnapping, and one misdemeanor count of importuning. F.F. was also indicted on sexually violent predator specifications and sexually motivated specifications.

{¶3} The indictment lists two victims. The first is F.F.'s daughter, Y.F., born on December 5, 1985, with offense dates from 1997 through 1998. The second is Y.F.'s daughter (F.F.'s granddaughter), Y.R., born on April 20, 2005, with offense dates from 2011 through 2017.

**{¶4}** On January 19, 2018, under a plea agreement, F.F. pled guilty to ten counts of GSI and a single misdemeanor count of importuning. In exchange, the state dismissed the six counts of kidnapping and the attached specifications.

**{¶5}** At sentencing, the trial court imposed a prison term of four years on the two GSI counts and six months on the importuning count as they pertain to F.F.'s daughter, Y.F. The trial court ordered F.F. to serve those sentences concurrently. The trial court imposed a prison term of four years on the eight GSI counts pertaining to F.F.'s granddaughter, Y.R. The trial court ordered F.F. to serve those counts concurrently. The trial court ordered F.F. to serve the separate sentences imposed for each victim consecutively for a total of eight years in prison.

**{¶6}** F.F. now appeals, assigning the following error for our review.

## Assignment of Error

The trial court erred in sentencing [F.F.] to consecutive sentences without first making the proper statutory findings on the record and was contrary to law.

## Consecutive Sentences

**{¶7}** In his sole assignment of error, F.F. argues that the trial court failed to make the findings required for the imposition of consecutive sentences under R.C. 2929.14(C)(4).

**{¶8}** We review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Perry*, 8th Dist. Cuyahoga No. 104751, 2018-Ohio-1760, citing *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 11, citing *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10. R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support

the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is "otherwise contrary to law." *Venes* at ¶ 11.

{¶9} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶10} The court must make the statutory findings as stated above at the sentencing hearing and incorporate those findings into its sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶11} Moreover, *Bonnell* holds that the trial court must make the statutory findings on the record before imposing consecutive sentences on a defendant. *State v. Williams*, 8th Dist. Cuyahoga No. 106570, 2018-Ohio-4426, citing *Bonnell* at ¶ 28 ("[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(2) before it imposed consecutive sentences.").

{¶12} In the instant case, at the outset, the trial court appropriately outlined the principles and purposes of felony sentencing. In so doing, the trial court stated:

> [B]efore I impose a sentence here, I always talk about what the purposes and principles of sentencing are. The sentence I impose must comply with these purposes and principles. The overriding purpose is to punish you, protect the public from future crimes by you and others using the minimum sanctions that the Court determines accomplishes the purposes without imposing unnecessary burden on state or local government resources.
>
> The sentence I impose here should be commensurate with and not be demeaning to the seriousness of your conduct, its impact on the victims and consistent with sentences for similar crimes by similar offenders.

{¶13} Prior to imposing the consecutive sentences, the trial court stated:

> I believe that consecutive sentences are necessary here, and I am going to tell you why. I believe consecutive sentences are necessary to punish you. It is not disproportionate, and I find that the harm to the two victims is so great or unusual that a single term does not adequately reflect the seriousness of your conduct.
>
> Further, I believe that these crimes violate your own daughter and granddaughter. The fact that it is at first your daughter and then your granddaughter. I believe due to the harm that was caused to these two, consecutive sentences are appropriate to serve in this matter, and it is necessary to protect the public.

{¶14} The above excerpt embodies two of the three required findings to impose consecutive sentences. First, the trial court found that consecutive sentences were necessary to punish F.F. Second, the trial court found that the harm to F.F.'s daughter and granddaughter was so great that a single term would demean the seriousness of F.F.'s conduct. However, as to the third, the trial court made only a passing reference that the sentence is not disproportionate. Prior to imposing sentence, the trial court did not find that consecutive sentences are not disproportionate to the seriousness of F.F.'s conduct and to the danger he poses to the public. Because the trial court failed to make all the findings under R.C. 2929.14(C), the imposition of consecutive sentences was contrary to law and must be vacated.

**{¶15}** Accordingly, the sole assignment of error is sustained.

**{¶16}** Judgment reversed and remanded. We remand the case to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C), and if so, to make the necessary findings.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE,
ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR