[Cite as *State v. Dukes*, 2019-Ohio-454.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106986**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**GARRETT DUKES**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-17-613526-A, CR-17-624288-A, and CR-17-621616

**BEFORE:** Kilbane, A.J., E.T. Gallagher, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 7, 2019

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, #613
Cleveland, Ohio 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
Joanna N. Lopez
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


MARY EILEEN KILBANE, A.J.:

{¶1}    Defendant-appellant, Garrett Dukes ("Dukes"), appeals the trial court's imposition of consecutive sentences.   For the reasons set forth below, we affirm.

{¶2} In 2017, Dukes was indicted in three separate cases.   In the first case, CR-17-613526, he was charged with petty theft and domestic violence, with a furthermore clause that he was previously convicted of domestic violence.   In the second case, CR-17-621616, he was charged with one count each of attempted murder and felonious assault.   In the third case, CR-17-624288, he was charged with drug possession.

{¶3}    On January 23, 2018, Dukes pled guilty to domestic violence and petty theft in the first case.   On February 20, 2018, under a plea agreement with the state, he pled guilty in the second case to an amended charge of attempted felonious assault; and in the third case, he pled guilty to the single charge of drug possession.   Under the plea agreement, Dukes agreed he would serve a prison sentence for the second and third cases.

**{¶4}** On February 26, 2018, in CR-17-613526, the trial court sentenced Dukes to concurrent prison terms of one year for domestic violence and three months for petty theft. In CR-17-621616, the trial court sentenced Dukes to a prison term of three years for attempted felonious assault and ordered it to be served consecutively to the other two cases. In CR-17-624288, the trial court sentenced Dukes to a prison term of one year for drug possession and ordered the sentence to run consecutive to the other two cases.

**{¶5}** Dukes now appeals, assigning the following two errors for our review.

### Assignment of Error One

The within sentences were cruel and unusual.

### Assignment of Error Two

It was error to render consecutive sentences in all three cases.

### Cruel and Unusual Sentence

**{¶6}** In the first assignment of error, Dukes argues two of the three sentences constitute cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution.

**{¶7}** The "Eighth Amendment's prohibition on cruel and unusual punishment 'imposes two separate limitations': (1) 'a requirement of proportionality' and (2) 'prohibition against specific torturous methods of punishment.'" *State v. Vinson*, 8th Dist. Cuyahoga No. 103329, 2016-Ohio-7604, quoting *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 36-37. "In noncapital cases, the Eighth Amendment proportionality principle is narrow and 'forbids only extreme sentences' that are grossly disproportionate to the crime." *Id.* at ¶ 47, quoting *Graham v. Florida*, 560 U.S. 48, 59-60, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).

**{¶8}** With respect to gross disproportionality, "'[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the

circumstances would be considered shocking to any reasonable person,' and furthermore that 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *Vinson* at ¶ 47, citing *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 14, quoting *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 1999-Ohio-113, 715 N.E.2d 167 (1999).

**{¶9}** Further, the Ohio Supreme Court has held:

[A] defendant has no constitutional right to concurrent sentences for two separate crimes involving separate acts. [Additionally,] if the sentence for a particular offense is not disproportionately long, it does not become so merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate.

*Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 18, quoting *State v. Berger*, 212 Ariz. 473, 479, 134 P.3d 378 (2006).

**{¶10}** Upon review, we find that the individual sentences imposed in Dukes's three separate cases are all within the statutory range. In addition, as will be discussed in the second assigned error, the sentences imposed were not disproportionate to Dukes's conduct, especially as it relates to the attempted felonious assault conviction. As a result, the complained-of sentences are not greatly disproportionate to the offenses as to shock the sense of justice of the community.

**{¶11}** Accordingly, we overrule the first assignment of error.

## Consecutive Sentences

**{¶12}** In the second assignment of error, Dukes argues the trial court erred by ordering consecutive sentences in all three cases.

**{¶13}** We review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Perry*, 8th Dist. Cuyahoga No. 104751, 2018-Ohio-1760, citing *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 11, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is "otherwise contrary to law." *Venes* at ¶ 11.

**{¶14}** Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

**{¶15}** The court must make the statutory findings as stated above at the sentencing hearing and incorporate those findings into its sentencing entry. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

**{¶16}** The trial court must make the statutory findings on the record before imposing consecutive sentences on a defendant. *State v. Williams*, 8th Dist. Cuyahoga No. 106570, 2018-Ohio-5022, citing *Bonnell* at ¶ 28 ("[T]he record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(2) before it imposed consecutive sentences.") *Id*.

**{¶17}** In the instant case, prior to imposing sentence, the trial court noted it had considered the purposes and principles of felony sentencing, reviewed the presentence investigation report, read the state's sentencing memorandum, and given the matter a great amount of thought. The trial court then stated:

> [COURT]: Sir, consecutive sentences are necessary in this matter. I make the following findings: First of all, that the sentence I am about to give you is not disproportionate to other sentences given for the conduct that you have engaged in. I also find it is necessary to protect the public and to punish you. Again, I say it is not disproportionate, the sentence I am about to give. I also find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct, and I find your criminal history shows that consecutive terms are needed to protect the public.

**{¶18}** Here, the record establishes that the trial court found that the consecutive sentences were necessary to protect the public from future crime or to punish the offender. The trial court also found the consecutive sentences were not disproportionate to the seriousness of Dukes's conduct and to the danger he poses to the public. We note, as it relates to the proportionality finding, the trial court twice referenced that the sentences were not disproportionate.

{¶19} In addition, the trial court found that the harm Dukes caused was so great and unusual that a single term would not adequately reflect the seriousness of Dukes's conduct. Further, the trial court found that Dukes's criminal history demonstrated that consecutive sentences were necessary. As such, the trial court satisfied all three prongs of R.C. 2929.14(C)(4).

{¶20} Finally, the record contains a basis for the trial court's findings that consecutive sentences were necessary. Prior to the trial court placing its findings on the record, the prosecuting attorney read a letter written by the cousin of the victim of the felonious assault. The victim, although present, was unable to address the court because he suffers from cognitive delays as a result of the severe beating he received. The letter stated:

> I would just like the Court to be addressed as how serious this matter was. I watched my cousin lay in a hospital lifeless for weeks on end. It almost came to the point where they wanted to pull the life support off and I refused. I am still working with him every day to walk, talk and remember. He almost lost his life in this matter. If you can please take into consideration the everyday life struggles my cousin and I are going through in this sentencing. I ask the court for the maximum.

{¶21} As previously mentioned, the state prepared a sentencing memorandum, which the trial court noted it had considered. The sentencing memorandum detailed Dukes's vicious attack of the victim during the felonious assault. Dukes attacked the victim because the victim owed him $40. He kicked the victim multiple times in the head, as he laid on the ground, causing numerous facial fractures, orbital bone fractures, respiratory failure, and moderate traumatic brain injury. The victim remained in the hospital for approximately six weeks.

{¶22} Prior to imposing sentence for Dukes's brutal attack of the above victim, the trial court stated: "What you did to that man is beyond the pale of having a disagreement. A drug debt, whatever it is, the poor man lost some of his brain function permanently."

**{¶23}** Based upon our review, we find that the court made the proper statutory findings concerning consecutive sentences, the record supports the court's findings, and Dukes's sentences are not otherwise contrary to law.

**{¶24}** Accordingly, we overrule the second assignment of error.

**{¶25}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR