[Cite as *State v. Figuero*, 2020-Ohio-2829.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108738 |
| v. | : | |
| FRANCISCO FIGUERO, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 7, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-620306-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Susan J. Moran, *for appellant.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendant-appellant Francisco Figuero ("appellant"), appeals from his eight-year prison sentence that included consecutive terms and was imposed

after his case was remanded to the trial court by this court in *State v. F.F.*, 8th Dist. Cuyahoga No. 107013, 2019-Ohio-455. For the reasons that follow, we affirm.

**Procedural and Factual History**

{¶ 2} In 2017, appellant was charged in a 17-count indictment. The charges consisted of ten counts of gross sexual imposition ("GSI"), six counts of kidnapping, and one misdemeanor count of importuning. With the exception of the importuning count, the charges included sexually violent predator specifications and sexually motivated specifications. *Id.* at ¶ 2.

{¶ 3} There were two victims in this case. The first victim was appellant's daughter, whose date of birth is December 5, 1985. The crimes committed against his daughter ranged from 1997 through 1998. The second victim was appellant's granddaughter, whose date of birth is April 20, 2005. The crimes committed against his granddaughter ranged from 2011 through 2017. *Id.* at ¶ 3.

{¶ 4} In 2018, appellant entered into a plea agreement with the state of Ohio, under which he pled guilty to the ten counts of GSI and the single misdemeanor count of importuning. In exchange, the state dismissed the six counts of kidnapping and the attached specifications. *Id., F.F.*, 8th Dist. Cuyahoga No. 107013, 2019-Ohio-455, ¶ 4.

{¶ 5} The trial court imposed a prison term of four years on the two GSI counts and six months on the importuning count that related to appellant's daughter; those sentences were ordered to be served concurrently. The remaining

eight GSI counts pertained to appellant's granddaughter, and the trial court imposed a four-year sentence on each count, to be served concurrently. The four-year terms for each victim were ordered to be served consecutively, for a total of an eight-year prison sentence. *Id.* at ¶ 5. Appellant appealed and challenged the imposition of consecutive terms.

{¶ 6} This court found that the trial court did not make all the required findings under R.C. 2929.14(C) prior to imposing consecutive sentences. Specifically, the trial court did not find that consecutive sentences are not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. *Id.* at ¶ 14. Thus, this court found that the imposition of consecutive sentences was contrary to law and, therefore, reversed the imposition of consecutive sentences and remanded the case to the trial court for the limited purpose of considering whether consecutive sentences are appropriate under R.C. 2929.14(C), and if so, to make the necessary findings. *Id.* at ¶ 14, ¶ 16.

{¶ 7} On remand, the trial court held a resentencing hearing, at which it imposed the same eight-year prison sentence, with the consecutive terms. Appellant now appeals and raises the following sole assignment of error for our review: "The trial court erred in imposing consecutive sentences which were not supported by the record."

## Law and Analysis

**{¶ 8}** Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Perry*, 2018-Ohio-1760, 111 N.E.3d 746, ¶ 19 (8th Dist.), citing *State v. Wells*, 8th Dist. Cuyahoga Nos. 99305, 99306, and 99307, 2013-Ohio-3809, ¶ 11, citing *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4); or (2) the sentence is "otherwise contrary to law." *Venes* at ¶ 11; *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 16.

**{¶ 9}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that at least one of the following also applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no

single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 10} The court must make the required statutory findings at the sentencing hearing and incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 11} As mentioned, at the appellant's first sentencing hearing, the trial court made all the statutorily required findings except it failed to find that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger he poses to the public. *State v. F.F.*, 8th Dist. Cuyahoga No. 107013, 2019-Ohio-455 at ¶ 14.

{¶ 12} On remand, in sentencing appellant again to consecutive terms, the trial court stated the following:

This court finds that consecutive sentences [are] necessary to protect the public, punish you, this sentence is not disproportionate to the seriousness of your conduct and the danger you pose to the public, and that the harm was so great or unusual, seeing that they were two individuals who were related to you, your daughter and your granddaughter, that a single prison term would demean the seriousness of your conduct.

(Tr. 82.)

{¶ 13} The trial court incorporated the findings into its judgment of conviction.

{¶ 14} Appellant concedes that the trial court made the statutorily required findings, but contends that "the record does not support a finding that consecutive sentences were proportionate to the seriousness of his conduct and the danger he posed to the public pursuant to R.C. 2929.14 and R.C. 2953.08(G)(2)." Specifically, appellant contends that the trial court did not take into account that he did not have a prior record, "which speaks directly to his future dangerousness to the public[, and] * * * there is nothing egregiously serious about the facts in the case; [he] did not display cruelty to his victims, did not physically harm the victims, and did not threaten the victims."

{¶ 15} We note that it is well established that where there is more than one victim, the imposition of consecutive sentences is reasonable to hold the defendant accountable for crimes committed against each victim. *State v. Thome*, 8th Dist. Cuyahoga No. 104445, 2017-Ohio-963, ¶ 16, citing *State v. Sexton*, 10th Dist. Franklin No. 01AP-398, 2002-Ohio-3617, ¶ 67. Representation for both victims factored into the trial court's decision here to impose consecutive sentences. Appellant was convicted of multiple counts related to his daughter, which the trial court ran concurrently. Appellant was convicted of multiple counts related to his granddaughter, and the trial court ran those convictions concurrently. It was the

total sentence for each victim that the trial court ordered to be served consecutively, so that the crimes against both victims would be represented.

{¶ 16} Moreover, these crimes occurred over a significant period of time. We recognize that appellant's conduct was not continuous over the 20-year period at issue, but his offenses were more than one-time occurrences and, as they relate to his granddaughter, continued for an approximate six-year period. Further, most of the crimes appellant committed against his daughter occurred when she was under the age of 13, and all the crimes he committed against his granddaughter occurred when she was under the age of 13.

{¶ 17} In light of the above, the trial court complied with this court's mandate after appellant's first appeal, and appellant has failed to show that the record does not clearly and convincingly support the trial court's sentencing findings or that his sentence was contrary to law. The sole assignment of error is therefore overruled.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY EILEEN KILBANE, J., CONCUR